SCHEU *v.* GRAND LODGE, OHIO DIVISION, INDEPENDENT FORESTERS.

*(Circuit Court, N. D. Ohio, E. D.* April Term, 1883.)

BENEFICIAL SOCIETY—SUIT TO RECOVER BENEFIT—SUSPENDING MEMBER—FAILURE TO PAY DUES.

 S. was a member of a subordinate lodge of defendant, and thereby, by the constitution and by-laws, became a member of the grand lodge. The death assessments were required to be collected by the subordinate lodge and forwarded to the grand lodge, the subordinate lodge being compelled to account for these assessments and pay them to the grand lodge, unless the member had

been expelled or suspended. The assessment of S. was paid by the subordinate lodge to the grand lodge, but at the time of his death had not been paid by him to the subordinate lodge. The by laws provided that "any member failing to pay his assessment within 30 days should be suspended," and that notice should be given to the grand secretary of the grand lodge. On the death of S. his widow brought suit for the amount due him from the grand lodge. *Held*, that the mere non-payment of the assessment did not of itself operate as a suspension, and that the act of the secretary in marking S.'s account as " suspended " was not sufficient, as such suspension must be made by some affirmative act of the lodge, and by payment of the assessment for him to the grand lodge it had waived his suspension, and as the grand lodge received the assessment a recovery could be had in a suit against it.

Tried to the court and finding for the plaintiff, and motion for new trial.

*Mr. Wilcox*, for plaintiff.

*Henderson & Kline*, for defendant.

WELKER, J. The plaintiff is the wife and heir at law of Albert Scheu, who died on the second day of April, 1880. The intestate, on the sixteenth day of December, 1879, became a member of Sahbeie Lodge, a subordinate lodge of the defendant, and thereby, by the constitution and by-laws, became a member of the defendant lodge. The suit is to recover the sum of $1,000, provided by the by-laws to be paid the widow or heirs of a member on his death. The defendant claims that Scheu, at the time of his death, was not such a member of the subordinate or grand lodge as entitled his widow to recover said amount, having before that time been suspended by the subordinate lodge for non-payment of assessment. It appeared in the evidence that before the death of the intestate an assessment of one dollar had been made on all the members of the defendant lodge, for the purpose of paying the amount which any member's representatives should be entitled to receive on his death, being what is termed in the by-laws "the widows and orphan's benefit fund." This death assessment was required to be collected by the subordinate lodge, and immediately forwarded to the treasurer of the grand lodge. The subordinate lodge was required to account for these assessments and pay to the grand lodge the amount so assessed, unless members thus assessed had been expelled or suspended by the subordinate lodge, and so not members of the grand lodge. The intestate had not paid the death assessment so made upon him before his death; but the subordinate lodge had paid it to the grand lodge; and as to the defendant, the grand lodge, the assessment had been paid before his death. The evidence showed that on the books of the subordinate lodge, where accounts of dues and assessments were kept, black lines were drawn around the intestate's account, and marked "suspended" for non-payment of assessment. When that was done by the officer in charge of the books was left uncertain. There was no record of the subordinate lodge, showing any action of the lodge in reference to the suspension or expulsion of the intestate, besides what appears as before stated. No report was made or notice given to the grand lodge of

suspension of the intestate for such non-payment. In the by-laws of 'the lodge it is provided that "any member failing to pay such assessment within 30 days shall be suspended from his lodge." And it is also provided that notice of such suspension shall be at once given to the grand secretary of the grand lodge. It also appears that the intestate, after the time for the payment of the assesssment had elapsed, had notice that he was in arrears, by objection in open lodge to his taking part in the business before it on account of the non-payment of the assessment.

If the intestate was in fact suspended by the subordinate lodge for this non-payment of the assessment at the time of his death, the plaintiff is not entitled to recover. The mere non-payment of the assessment does not of itself operate as such suspension; nor does the clerical act of the secretary in so marking the account make such suspension. The suspension must be made by some affirmative action of the lodge, and no such action appears to have been taken by the subordinate lodge. Such suspension may be waived by the lodge either expressly, or by failure to act. And it may itself advance the payment to the grand lodge, which appears to have been the fact in this case. The defendant lodge, which is alone liable to pay the plaintiff, had in fact received the amount of the assessment, and thereby had been paid the consideration for its obligation to pay said sum on the death of the intestate.

The motion is, therefore, overruled, and judgment for the plaintiff.