MICHAEL BOWEN, Respondent, *v.* MICHAEL SWEE-
NEY and Others, Appellants, Impleaded with Others,
Defendants.

*Partition — an action by one out of possession — a void devise — when the complaint
may be amended — what interest disqualifies — tenant by the curtesy initiate —
evidence in denial of fraud and undue influence.*

The right of action conferred by section 1537 of the Code of Civil Procedure,
under which a person, claiming as heir of one who died seized of real property,
may, although out of possession, maintain an action of partition, notwith-
standing an apparent devise to another, did not exist prior to the passage of
chapter 238 of the Laws of 1853.

*Semble,* that it is such a new right of action that it cannot be imported into a
complaint in partition by amendment.

Where the defendants, in an action for partition, had by demurrer called the atten-
tion of the plaintiff to his failure to comply with the requirement of said section
1537 that he must allege that the apparent devise was void, and he still failed to
allege it in his amended complaint, it was held that it was improper to allow
such an amendment upon the trial.

One who, as husband of a devisee under a will, is tenant by the curtesy initiate, is
not incompetent by reason of interest to testify that he heard the testatrix make
statements relative to her will near the time of its execution.

Where a will was alleged to have been executed through fraud and undue influence,
and it was further claimed that the testatrix could not read, the exclusion of her
declarations, and of evidence of her possession of the will before its execution,
and that a witness heard her read it, is a material error.

Appeal by the defendants, Michael Sweeney, Catharine Gallagher
and Francis Gallagher, from an interlocutory judgment of the
Supreme Court, entered, after a trial at the New- York Circuit
before the court and a jury, in the clerk's office of the city and
county of New York on the 5th day of November, 1890, in favor
of the plaintiff and against said defendants, declaring an alleged
will of Teresa Hatten void and directing a partition and sale of certain
premises; with notice of an intention to bring up for review upon
such appeal an order, entered in said clerk's office on the 21st day
of October, 1889, directing the trial of the action before the court
and a jury at a designated trial term thereof, and an order, entered
in said clerk's office on the 10th day of December, 1890, denying the
defendants' motion to set aside the answers and verdict of the jury
to questions submitted to them, and for a new trial upon the minutes.

*W. H. Arnoux,* for the appellants.

*F. B. Candler,* for the respondent.

Van Brunt, P. J. :

This action was brought for a partition and sale of certain property in the city of New York, the plaintiff claiming to be interested therein as tenant in common with certain of the defendants. The first complaint in the action was demurred to by the appellants, and the demurrer was sustained apparently on the ground that no facts were alleged which showed any interest in the realty belonging to the demurring defendants, and that there was no clear averment of fact upon the subject of a last will and testament of Mary Hatten, or the absence of such an instrument. The plaintiff thereupon amended his complaint, alleging that Mary Hatten had died intestate, unmarried and without issue. To this complaint the appellants answered, setting up that the said Mary Hatten had made a will, by which she devised to them all her estate, of which the premises in question were part, and that such devisees were in the exclusive possession thereof. The court thereupon made an order directing that the cause be put upon the circuit calendar, to the end that the trial of the action might be proceeded with, and the issues of fact therein contained, or such of them as might be necessary, might be tried before a court and jury.

Upon the case coming up for trial at the circuit, the will of Mary Hatten, referred to in the answer of the defendants, was introduced in evidence after proof, and thereupon the plaintiff sought to attack the same by evidence in reference to its execution. Objection being raised, apparently because of the condition of the pleadings, the plaintiff's counsel moved to amend his complaint by an allegation that Mrs. Hatten left what purported to be a will, but which was not her last will and testament, because it was not properly executed, and because she was not competent to make a will, and that it was obtained from her in an unlawful manner by undue influence. Objection was made by the defendants' counsel; the objection was overruled and an exception taken. The plaintiff's counsel thereupon reduced the amendment to form, and the court stated that the

amendment would be granted upon terms, and that if the defendants desired, a juror would be withdrawn and the trial postponed.

The defendants' counsel stated that he did not desire to postpone the trial, and asked that the amendment be reduced to writing and sworn to by the plaintiff, which was done, and the trial thereupon proceeded, and upon the close of the testimony certain issues were framed and submitted to the jury. The peculiarity of one of these issues it is not necessary to discuss, in view of the result which follows the decision of this appeal.

It is now urged that it was error in the court to allow the amendment which was done upon the trial, and in this view we are inclined to concur. The attention of the plaintiff's counsel was distinctly called to the defect in his pleading upon the decision of the demurrer to the previous complaint, and he failed to amend his complaint meeting this objection. On this state of facts, as the complaint existed at the time the trial of the issues were commenced at the circuit, the plaintiff had no standing in court, he not being in possession of the property sought to be partitioned, or any part thereof.

Whatever rights he had were conferred by section 1537 of the Code, where it is provided that a person claiming to be entitled as a joint tenant or tenant in common, by reason of his being the heir of a person who died holding and in possession of real property, may maintain an action for the partition thereof whether he is in or out of possession, notwithstanding an apparent devise thereof to another by the decedent and possession under such devise, but in such an action the plaintiff must allege and establish that the apparent devise is void.

The right to maintain such an action did not exist prior to the passage of chapter 238 of the Laws of 1853, and, hence, it is an entirely different action from the ordinary action of partition which could only be brought where two or more persons held and were in possession of real property; possession being a necessary ingredient to the maintenance of the action. Chapter 238 of the Laws of 1853 was an innovation in the procedure for partition, and conferred a new and different right of action from that which ever existed before. And it may be doubtful whether it is not such a new and separate and distinct cause of action that it cannot be imported into a complaint for partition by amendment. But whether it was so or

not, we do not think that upon a trial, after the notice which this plaintiff had received of the defects in his complaint, that the amendment should have been allowed.

Without discussing in any way the merits of this case or considering the testimony which is referred to at so great length upon the points of counsel in reference to the sufficiency of the proof to sustain the findings of the jury, it will only be necessary to call attention to one or two exceptions to the admission of evidence which are fatal to the judgment in question.

One Francis Gallagher was called as a witness upon the part of the defendants. Much testimony had been given in reference to the knowledge which Mrs. Hatten had of this will and of the circumstances under which it was executed, it being claimed that she did not know what she was doing, and that it was procured through the undue influence and fraud of the devisees. After having testified that he was the husband of Mrs. Gallagher, one of the devisees named in the will of Mrs. Hatten, he was asked : " Had you a conversation with her on the morning before she executed the will ? " This was objected to on the ground that the witness is interested in the will and is not competent to testify. He then testified : " I have children by my present wife." The objection was sustained and the defendants excepted. He was then asked: " Did you hear Mrs. Hatten say anything about executing or having a will made for her before she executed it ? " This was objected to ; the objection sustained and defendants excepted.

" Q. Did you know that Mrs. Hatten had this will in her possession for three or four days before the morning before she executed it ? " Objected to ; objection sustained ; exception.

" Q. After the will was executed did you hear Mrs. Hatten read it ? " Objected to ; objection sustained ; exception.

No ground is stated for these last three objections, and it is claimed by the respondent that as the objection was a general one, if the evidence could be excluded on any ground whatever, the court will not hold on appeal that there was error in excluding the evidence. We are not aware of any such rule. On the contrary, the only ground upon which an objection can be sustained, without any ground being stated, is that it is irrelevant and immaterial. But we think that it is fair in the construction of these objections

to assume that the evidence was ruled out upon the same ground as was stated in the first objection above referred to.

In making this ruling, however, the court evidently erred. It is true that if Mrs. Gallagher died leaving no will and without having conveyed her real estate, the witness would be entitled to a tenancy by the curtesy. But, as this is simply a contingent interest and not vested, it was no disqualification. The children of a party living have precisely the same interest in the property owned by their parent. If he dies intestate, and without having conveyed the property, it falls to them. But they have never been excluded upon the ground of interest.

This rule is laid down in 1 Greenleaf (390), where it is stated that the true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain and vested interest, and not an interest uncertain, remote or contingent. Thus the heir apparent to an estate is a competent witness in support of the claim of his ancestor, though one who has a vested interest in remainder is not competent, and if the interest is of a doubtful nature the objection goes to the credibility of the witness, and not to his competency.

This rule was applied in the case of _Hobart_ v. _Hobart_ (62 N. Y., 80), and _In re Clark_ (40 Hun, 233), and in that case the distinction between the contingent interest of a husband in the living wife's real estate and the vested interest of a wife in the real estate of her husband is pointed out. In the one case the interest may be terminated by the wife; in the other, the husband cannot divest his wife of her right to dower. Therefore, the husband was a competent witness in reference to transactions between himself and the deceased.

But it is urged by the respondent that if these questions had been answered, the testimony, at most, would only have tended to prove that the decedent knew when she executed the will that it was her will, and that fact the jury and the court found in favor of the appellants, so as they were able to establish that fact without any of the answers to these questions, they were not prejudiced by the rulings of the court excluding them.

But this claim does not, by any means, meet the objection. It is claimed that this will was obtained by fraud and undue influence, and

the jury have so found. Now, the declarations of Mrs. Hatten, in reference to her will, made before she executed it, are certainly exceedingly important upon such an issue; as also is the evidence of her possession of this will for days before its execution. And in view of the attempt to establish the fact that Mrs. Hatten could not read, evidence going to show that the witness heard her read the will in question, seems to be most material.

We see no escape from holding that the exclusion of this testimony was error, and very serious error, to the appellants.

We think, therefore, that the judgment must be reversed and a new trial ordered, with costs to appellants to abide the event.

O'Brien, J., concurred.

Judgment reversed and new trial ordered, with costs to the appellants to abide event.