CONNOR v. MAYOR, ETC., OF CITY OF NEW YORK.

(*Supreme Court, General Term, First Department.* May 13, 1892.)

1. WITNESS—TRANSACTIONS WITH DECEDENT—INTEREST IN CONTROVERSY.
   In an action against a city to recover salary claimed to have been due to plaintiff's intestate as assistant city engineer, the chief engineer has no such interest in the litigation as renders him incompetent, under Code Civil Proc. § 829, to testify to conversations between him and decedent, tending to show that decedent had been discharged before the period for which salary is claimed.

2. EMPLOYES OF CITY—DISCHARGE—ACTION FOR SALARY.
   The chief engineer of a city, who was by law given the power to appoint and remove his assistants, told an assistant that there was no further work for him to do, and that his services were dispensed with. The assistant did not afterwards offer to render any services to the city, and never made any claim against it, but obtained employment elsewhere. *Held,* that the communication from the chief engineer amounted to a discharge of the assistant, and that he so understood it.

3. APPEAL—ADMISSION OF EVIDENCE—HARMLESS ERROR.
   The admission of incompetent testimony, establishing a fact previously admitted on the record, is harmless error.

Exceptions from circuit court, New York county.

Action by Mary E. Connor, as administratrix of Addison Connor, deceased, against the mayor, aldermen, and commonalty of the city of New York. A verdict having been found in favor of defendants, plaintiff moved for a new trial on exceptions, and the exceptions were ordered to be heard at the general term in the first instance. Exceptions overruled, and judgment ordered upon the verdict.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*Kellogg, Rose & Smith,* (*L. L. Kellogg,* of counsel,) for plaintiff. *W. H. Clark,* (*C. A. O'Neil* and *E. H. Hawke, Jr.,* of counsel,) for defendant.

VAN BRUNT, P. J. The plaintiff, as administratrix of one Addison Connor, deceased, sues to recover the sum of $7,950 alleged to be due for salary

to said deceased as an assistant engineer of the department of public works from July 31, 1886, to January 4, 1891. The answer alleges that on or about the 31st of July, 1886, said Connor was duly and regularly discharged, after which time he performed no services for the defendant, and that he acquiesced in said discharge, and abandoned the said office for other employment. It appeared that said Connor, for a considerable time prior to the 31st of July, 1886, was assistant engineer in the department of public works, and that on the 23d of July, 1886, he received a notice of suspension as assistant engineer, to take effect on the 31st of July, 1886, from the deputy commissioner of public works; and that between the 23d of July and the 31st of said month he had a conversation with the chief engineer of the Croton aqueduct, in which the chief engineer stated that he had no further work for him to do, and that therefore his services were dispensed with, upon which occasion Connor talked with the chief engineer about getting work elsewhere, and the chief engineer gave him letters of introduction; and from and after the 31st of July Connor never rendered any services to the department, nor did he ever offer to render any such services. It further appeared that in 1890 he was employed in the dock department, and in the mean time he had been out in Illinois and Nebraska on bridge work. Connor having died on, or about the 4th of January, 1891, intestate, the plaintiff was appointed his administratrix, and thereupon this motion was brought to recover the salary of Connor as engineer in the department of public works from the 31st of July, 1886, to the time of his death.

Upon the trial of the action, one George W. Birdsall, the chief engineer of the Croton aqueduct, was examined as a witness as to communications had between himself and Connor. This was objected to by the plaintiff upon the ground that he was a party in interest, and because he was liable to criminal prosecution, and also because he was liable to be prosecuted in a civil action because of misconduct in office. Objection was also taken to certain other evidence, which will be noticed hereafter; and also to the refusal of the court to charge the jury that there was no proof of abandonment in the case; and that the court erred in leaving to the jury any question in relation to the discharge of Connor, the proof being to the effect that he was suspended, and not discharged; and also to the charge of the court that, if they found that the chief engineer told Connor that they had no further work for him to do, and therefore his services were dispensed with, it was equivalent to a discharge. It is manifest that the chief engineer, Birdsall, was not prevented from testifying as to conversations had with the deceased, Connor, because of section 829 of the Code.[1] The interest there referred to means a vested interest, an interest in the litigation itself, not a collateral or possible interest, as shown by the opinion of this court in the case of *Bowen* v. *Sweeney,* 17 N. Y. Supp. 752, (decided on the 18th of February, 1892,) and cases there cited. The error claimed in admitting testimony as to conversations with the plaintiff before her appointment as administratrix of the decedent cannot avail, because such evidence certainly did no harm to the plaintiff, as it was only testimony establishing a fact which had previously been admitted upon the record. The claim that the court erred in presenting any question to the jury is evidently not well founded. The jury, from all the facts of the case, had the right to find that Connor had been discharged, and not merely suspended from his office as assistant engineer, and that he so understood the action by which his connection with the department was severed, especially in view of the fact that by statute the chief engineer of the Croton aqueduct department (who at the time of the discharge of Connor was Mr. Bird-

[1] Code Civil Proc. § 829, provides that upon the trial of an action a party or person interested in the event shall not be examined as a witness in his own behalf or interest against the executor or administrator of a deceased person concerning a personal transaction or communication between the witness and the deceased person.

sall) had the power to appoint, remove at pleasure, and detail the assistant engineers. If, therefore, the conversation with Connor occurred in the manner testified to by Mr. Birdsall, there was ample evidence to justify the jury in finding that Connor had been discharged; the letter of the deputy commissioner of public works being merely surplusage, and in no way affecting the action of the chief engineer.

The charge of the court that, if the chief engineer told Connor that there was no further work for him to do, and that his services were dispensed with, that amounted to a discharge, is clearly correct, under the circumstances of this case, because it is apparent that Connor understood it to be a discharge, as he has never made any claim to the contrary, or any offer of services to the department, since he left it, and sought and accepted employment elsewhere. It is only after he is dead that courage enough has been acquired to present the claim against the city for his salary during the whole period from the time of his discharge to his death, although no services were rendered, and no offer of services made, and not the slightest intimation upon his part that he did not understand that his connection with the department had been severed. These considerations also show that there was no error in the refusal to charge that there was no evidence of abandonment by Connor of the office. It is entirely immaterial whether there was evidence of abandonment or not. If he was discharged, and so understood it, it may not be an abandonment of the office, but it was a severance of his connection with the office, more complete and satisfactory than any abandonment could have been. All that the request to charge meant was that there was no recognition by Connor of his discharge, which was entirely incorrect, and a charge of that kind would have conveyed an erroneous impression to the jury. There seems to be, therefore, no error which would call for a setting aside of the verdict, and the exceptions should be overruled, and judgment ordered upon the verdict, with costs. All concur.