(9 Misc. Rep. 6.)

## BRADY v. PRUDENTIAL INS. CO. OF AMERICA.[1]

(Common Pleas of New York City and County, General Term. June 4, 1894.)

INSURANCE—CANCELLATION OF POLICY—NONPAYMENT OF PREMIUMS.

> Where an insurance policy provides that, unless the premiums are paid within four weeks after maturity, the company shall be at liberty to cancel the policy without further notice, a policy does not become void merely by nonpayment of the premium within the four weeks, but it remains in force until affirmative action is taken by the company to cancel it.

Appeal from fifth district court.

Action by John J. Brady, as administrator, against the Prudential Insurance Company of America on a policy of life insurance. From a judgment rendered by a justice without a jury in favor of plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

William O. Campbell, for appellant.

James A. Donegan, for respondent.

BISCHOFF, J. The policy sought to be enforced in this action was one issued upon payment of weekly premiums, and concededly the last premium was paid June 6, 1892. The insured died August 9, 1892, without having tendered the premiums in arrear; nor were such premiums tendered to the defendant company at any time after the insured's death. The main question litigated in the court below was whether or not the policy was in force at the time of the insured's death. The policy expressly provided, among other things, that payment of the weekly premiums should be made on Monday of each week to the company's collector, but that, if any premium should remain uncollected on the day of maturity, it should be incumbent upon the insured to pay the premium at the company's home office, or to its authorized agent, within four weeks thereafter, in default of which the company should be at liberty to cancel the policy without further notice. The defendant did not cancel the policy until August 15, 1892, six days after the insured's death.

We are of opinion that the foregoing provisions of the policy fairly imply that affirmative action was to be taken by the defendant company to cancel the policy, and that, until such action be had, the policy was to remain in full force and effect. Cooke, Life Ins. § 98, p. 181; Scheu v. Grand Lodge, 17 Fed. 214. Until such affirmative action was had, the insured could not have successfully resisted payment of the defaulted premium, if such payment was insisted upon by the defendant. It was optional with the defendant to cancel the policy. Hence the insured was in no position to urge, as a defense to a demand for payment of the premium, that the contract of insurance had expired. Accordingly, the policy must be deemed to have been in force at the time of the insured's death, when it matured, and the beneficiary's right to payment of the sum insured accrued. The subsequent attempt of the defendant to cancel the policy could not enable it to escape liability. The conclusion reached renders futile any discussion of the question whether or

[1] Motion for reargument and for leave to appeal to court of appeals denied. See 29 N. Y. Supp. 1141.

not the policy in question is affected by the provisions of chapter 341, Laws 1876, as amended by chapter 321, Laws 1877. The judgment should be affirmed, with costs.