Bookman against the New York Elevated Railroad Company and another.

PER CURIAM. The judgment should be affirmed, with costs.

---

BOWEN, Plaintiff, v. SWEENEY, Defendant. (Supreme Court, General Term, First Department. June 15, 1894.) Action by Michael Bowen against Michael Sweeney. F. P. Chandler, for plaintiff. W. H. Arnoux, for defendant. No opinion. Motion dismissed, with $10 costs and disbursements. See 17 N. Y. Supp. 752; 20 N. Y. Supp. 733, 734.

---

BRADY, Plaintiff, v. PRUDENTIAL INS. CO. OF AMERICA, Defendant. (Common Pleas of New York City and County, General Term. August 1, 1894.) Action by John Brady, as administrator, against the Prudential Insurance Company of America. James A. Donegan, for plaintiff. Wm. O. Campbell, for defendant. No opinion. Motion for reargument and for leave to go to the court of appeals denied, with costs. See 29 N. Y. Supp. 44.

---

In re BRANDT. (Supreme Court, General Term, First Department. June 15, 1894.) No opinion. Order affirmed, with $10 costs and disbursements.

---

BRANDT, Appellant, v. SEIDLER, Respondent. (City Court of New York, General Term. June 20, 1894.) Action by William H. Brandt against Charles Seidler, individually, and as receiver of the Lorillard Brick Works Company. Geo. W. Carr, for appellant. Tillotson & Kent, for respondent.

FITZSIMONS, J. The order appealed from is a discretionary one, and, it appearing that it is a reasonable one, it is affirmed, with costs.

---

BRANSDORF et al. v. BRANSDORF. (Supreme Court, General Term, Second Department. February 12, 1894.) Action by William Bransdorf and others against John H. Bransdorf, impleaded, etc. No opinion. Judgment affirmed for failure to submit papers according to stipulation. See 23 N. Y. Supp. 722.

---

In re BREMER. (Supreme Court, General Term, First Department. June 15, 1894.) No opinion. Reference ordered. Section 132, Code Cr. Proc., confers jurisdiction. See 28 N. Y. Supp. 1107, mem.

---

BREWSTER, Respondent, v. BARLOW, et al., Appellants. (Supreme Court, General Term, First Department. April 13, 1894.) Action by John T. M. Brewster against William Barlow and another. E. B. Barnum, for appellants. L. J. Morrison, for respondent. No opinion. Order reversed, with $10 costs and printing disbursements, unless, within 30 days, the plaintiff obtain an order of the court amending the original summons so as to conform to copy served, and pay to defendant costs of this appeal and of such motion; in which event, the order appealed from is affirmed, without costs.

---

BROOKLYN TRUST CO., Respondent, v. WOOD, Appellant. (Supreme Court, General Term, Second Department. July 27, 1894.) Action by the Brooklyn Trust Company against Mary A. Wood. No opinion. Judgment affirmed, with costs.

---

BROOKS, Respondent, v. BROOKS, Appellant. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by Sarah Brooks against Benjamin Brooks. No opinion. Judgment appealed from affirmed, with costs.

---

BURCHELL, Respondent, v. GREEN et al., Appellants. (Supreme Court, General Term, Third Department. July 14, 1894.) Action by Durward E. Burchell against James E. Green and others. No opinion. Judgment affirmed, with costs. See 27 N. Y. Supp. 82.

---

BURKE, Respondent, v. TINDATE, Appellant. (City Court of New York, General Term. June 20, 1894.) Appeal from trial term. Action by Harriet E. Burke against Terry J. Tindate. Stephen C. Baldwin, for appellant. Eustis, Foster & Coleman, for respondent.

CONLAN, J. The allegations in the complaint are sufficient to have entitled the plaintiff to recover if the case of the defendant failed for want of proof; and, to entitle the defendant to recover, he must prove that he was discharged and released from liability by some act of the plaintiff, or by the deprivation of some right secured to him by the terms of his lease. If, therefore, the defendant's allegations were sufficient, if proven, to entitle him to recover, then, if his opening embraced the material allegations of his answer, he should not be deprived of a right which threatens him, at the very threshold of his case, with a judgment that carries with it a recovery of all the rent reserved under a lease for years without reaping any of the benefits guarantied to the lessee by a clause in his lease, for quiet enjoyment. It appears that the opening of the defendant's counsel was not at first taken down by the stenographer, and the court said, addressing counsel, "Unless you can agree upon what the opening was, you would have to repeat it;" and, to the inquiry of the plaintiff's counsel as to whether he would agree that the opening is contained in the answer, the defendant's counsel said, "Certainly, I will; I will agree to that right now;" and he then repeated his opening, and at the conclusion of the counsel's remarks the following occurred: "Plaintiff's attorney: We renew our motion for judgment on the pleadings, and on the opening of the defendant's attorney." By direction of the court, the jury found a verdict for the plaintiff for $759.55. The defendant thereupon moved for a new trial on all the grounds stated in section 999 of the Code, which motion was denied, and the defendant excepted. We do not deem it necessary to repeat the words of the counsel's opening, but we think the allegations of the answer, which go to make up the affirmative claim of the defendant, and upon which the opening was conceded to him, were sufficiently stated. If, therefore, the answer sufficiently set out and contained the necessary legal averments to entitle the defendant to recover, alleged as affirmative matter, then the decision of the court below was error which calls for a reversal. We have examined the answer with some degree of care, and are of the opinion that the defendant was entitled to prove each and all of the matters alleged therein, and to go to the jury thereon, and that it would be a denial of justice to hold over him a judgment that subjected him to damages for which he was in no way responsible, and to the enforcement of a clause in a lease to pay rent for premises he could not occupy or use for the purposes of his business, and which were of no use or value to him whatever, without the benefit of the plaintiff's covenants to quiet enjoyment of all of the demised premises. The fault was not that of the defendant, and he should not be unreasonably dealt with, to his manifest injury, at the hands of a landlord who guaranties, so far as a covenant of quiet enjoyment can guaranty, the peaceable possession of what is described as the premises in the lease. We think the answer was sufficient, and the defendant should have been permitted to prove his defense. The judgment should be reversed, and a new trial ordered, with costs to abide the event.

---

BURTON, Respondent, v. EGBERT, Appellant. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by John Burton against Pe-