MICHAEL BOWEN, Respondent, v. MICHAEL SWEENY and Another, Appellants, Impleaded with Others. (Appeal No. 1.)

MICHAEL BOWEN, Respondent, v. MICHAEL SWEENY Appellant, Impleaded with Others. (Appeal No. 2.)

*Costs — when imposed as a condition of an amendment being allowed, they must be paid in any event although previously ordered at General Term to abide the event — trial fee.*

Michael Bowen brought an action of partition against Michael Sweeny and others, upon the trial of which the plaintiff, who was allowed to amend his complaint upon the payment of costs to date, obtained a verdict and recovered judgment. The defendants thereupon appealed to the General Term, which granted a new trial, with costs to the defendants to abide the event.

In the opinion at General Term it was intimated that it was error to have allowed the amendment of the complaint at the circuit. In consequence of which the plaintiff moved at Special Term to amend the complaint, which application was granted upon condition that the plaintiff pay to each of two attorneys for several defendants "a full bill of costs and disbursements to date to be taxed." Upon such taxation the clerk disallowed all costs at General Term, but allowed the disbursements in that court.

Upon an appeal by the defendants from an order denying a motion for a retaxation of costs, and also from an order striking out of the bill as taxed the disbursements at General Term:

*Held,* that each attorney was entitled to the costs and disbursements at General Term, costs and disbursements having been imposed as a condition of the amendment.   •

That, in such a situation, the court had a right to consider whether the amendment constituted a new cause of action, and might compensate the defendants for the waste of time and labor expended in connection with the trial and appeal under the complaint as originally drawn.

That the direction in the order of the General Term granting a new trial, with costs to the defendants to abide the event, had no bearing upon a case where, upon a motion for leave to amend, costs were directed to be paid as a condition of its being granted.

That a trial fee could not be taxed where a case, though upon the calendar, was not ready for trial because of the fact that some of the parties had not yet been served and some had not answered.

Appeal in the first above-entitled action by the defendants, Michael Sweeny and Catharine Gallagher, from an order of the Supreme Court, entered in the office of the clerk of the city and

county of New York on or about the 8th day of April, 1892, denying their motion to retax costs in the first-above entitled action.

The order appealed from recited that the defendant Michael Sweeny and the defendant Catharine Gallagher had moved this court for an order directing the clerk to retax the costs herein, which were adjusted by him on the 29th day of March, 1892, under the order made and entered herein, dated at Special Term on the 25th day of March, 1892, granting leave to the plaintiff to serve an amended complaint, so as to allow to said defendant Michael Sweeny the following items:

| | | |
|---|---:|---:|
| Term fees....................................... | $50 | 00 |
| Proceedings before and after granting new trial......... | 25 | 00 |
| Appeal to General Term before argument.............. | 20 | 00 |
| Appeal to General Term for argument................. | 40 | 00 |

And allowing to said defendant Catharine Gallagher:

| | | |
|---|---:|---:|
| Term fees....................................... | $50 | 00 |
| Proceedings before and after granting new trial......... | 25 | 00 |
| Appeal to General Term before argument.............. | 20 | 00 |
| Appeal to General Term for argument................. | 40 | 00 |

Appeal in the second above-entitled action by the defendant Michael Sweeny from so much of an order of said court, entered in said clerk's office on the 2d day of May, 1892, as reads: "Save and except as to the General Term disbursements, which should on retaxation be disallowed by the clerk."

The latter order was made, upon a motion by the plaintiff, that certain items of costs theretofore allowed by the clerk should be disallowed. It appeared that, upon the trial of the action at the circuit, the court allowed the plaintiff to amend, upon payment of costs to each of the defendants, Michael Sweeny and Catharine Gallagher, to date. The plaintiff there recovered judgment.

It appeared by the affidavit of the plaintiffs' attorney that when the attorneys for the defendants, Michael Sweeney and Catharine Gallagher, applied to have their two bills of costs adjusted, the plaintiffs' attorney objected to the following items, all of which were allowed by the clerk, to which the plaintiffs' attorney excepted.

The items in the bill of Michael Sweeney, as follows:

| | | |
|---|---:|---:|
| Costs before notice of trial | $10 | 00 |
| Costs after notice of trial | 15 | 00 |
| Trial fee issue of fact at circuit | 30 | 00 |
| Affidavits and acknowledgments | 5 | 00 |
| Judge's charge | 5 | 00 |
| Printing points | 51 | 00 |
| Copy stenographer's minutes | 85 | 00 |
| Copy Special Term opinion | 2 | 00 |
| Copy General Term opinion | 3 | 75 |
| Stenographer's minutes, Common Pleas | 20 | 00 |

The items in the bill of Catharine Gallagher, as follows:

| | | |
|---|---:|---:|
| Costs before notice of trial | $10 | 00 |
| Costs after notice of trial | 15 | 00 |
| Term fee issue of fact, two trials * | 60 | 00 |

That subsequently the defendants, Michael Sweeney and Catharine Gallagher, applied to this court, at Special Term, at chambers, for a retaxation of said costs on their behalf, and for an order directing the clerk to allow to them certain of the items which he had disallowed, which motion, after argument, was in all things denied, and during the argument of that motion deponent called the attention of the learned justice that in each of the said two bills of costs the clerk erroneously included an item for two trials, when, in fact, there was but one trial, to which the said learned justice assented, he having presided at the one trial had in this action, and then stated, in substance, in open court that at least thirty dollars should be deducted from each of two said bills of costs, but objection being made that deponent had not given notice of retaxation, the court directed that deponent should give formal notice of retaxation, if he desired to have those items and the other items which he complaimed of disallowed, and acting on that suggestion of the court these papers have been prepared.

*William H. Arnoux*, for the appellants.

*Flamen B. Candler*, for the respondent.

---

* Claiming that that item should have been only thirty dollars as there was but one trial.

O'Brien, J. (Appeal No. 1):

The action in which the motion is made was brought in partition, and, after one amendment of plaintiffs' complaint, was brought on for trial and resulted in a judgment in plaintiff's favor, from which an appeal was taken to this General Term, where it was reversed and a new trial ordered, with costs to defendants to abide the event. The right to amend the complaint upon the trial having been questioned in the opinion of the General Term, the plaintiff moved at Special Term to again amend, which motion resulted in the making of the following order by Mr. Justice Andrews: "Ordered, that said motion be and the same hereby is granted, and that plaintiff have leave to serve such second amended complaint on condition that within ten days after the adjustment by the clerk of the costs hereinafter mentioned, etc., the plaintiff to pay to Francis C. Devlin, attorney, etc., and to Wm. H. Arnoux, attorney, etc., *each a full bill of costs and disbursements to date*, to be taxed by the clerk of this court."

The clerk, upon the taxation, disallowed all the General Term costs, and thereafter defendants moved for a retaxation, which was denied; and from such denial this appeal is taken.

It was no part of the clerk's duty, no more than it was of the learned judge who heard the motion for retaxation, nor is it our duty, to determine the terms which should have been imposed; the question being, what is the true construction of the judge's order allowing the amendment, which has never been modified or appealed from? We think it reasonably free from doubt. It meant to award to the defendants exactly what it states, "a full bill of costs and disbursements to date." The judge had undoubted power, as a condition of granting the favor, to include the costs which, by the General Term, were made to abide the event, because he had a right to consider whether the effect of the amendment was to make a new cause of action, and thus to conclude that the failure to serve a proper complaint had caused the appellants the waste of time, labor and expense incident to the preparation of a trial, the judgment thereon and the subsequent appeal.

Costs are so imposed as a condition for the amendment, and cannot be regarded as being a payment of the costs of the action, and the effect of compelling, as a condition, an amount of costs to be

paid equal to those which, by order of the General Term, were made to abide the event, in no way affects or overrides the disposition made by the General Term of the appeal. In other words, the learned judge allowing the amendment did not attempt to change the direction made by the General Term, with respect to what should be done with costs which were ordered to abide the event. And should the appellant finally succeed in the action he will be entitled to tax the costs over again, pursuant to the order of the General Term. This latter order, moreover, affected the costs at Special as well as those at General Term; and to be consistent, if it was thought that the order of the General Term, requiring the costs to abide the event, in any way restricted the right to allow costs as a condition of the amendment, then the Special Term costs should have been excluded as well as the General Term costs.

The question as stated, however, is simply what terms did the judge, allowing the amendment to the complaint, impose as a condition? His order as shown, says, "a full bill of costs and disbursements to date." In *Havemeyer* v. *Havemeyer* (44 Sup. Ct., 170), it was held that the phrase "on payment of costs of the action to the present time," as the consideration of an amendment, meant such costs as would go to the party against whom the amendment was allowed, in case there had been a determination favorable to him at the date of the order granting leave to amend.

We think, therefore, it was an erroneous construction of the judge's order to hold that thereunder the General Term costs were to be excluded.

In addition to these the clerk disallowed fifty dollars term fees, this item being disputed on its merits. It would appear that at the first term, after all the defendants were served, and the case was ready to be tried, it was reached and disposed of. We do not think the fact that one or all of the defendants placed the cause on the calendar and noticed the same for trial before the same was in condition to be tried gave them any right to term fees, because the cause was not properly on the calendar until all the parties were served and had answered. And it would appear that as soon as the cause was thus ready it was reached and tried; and the clerk's ruling excluding the item of fifty dollars term fees we think was correct.

We think, however, that so much of the order as sustains the

clerk in disallowing the General Term costs should be reversed, with costs and disbursements.

In view of the fact that the terms imposed by these orders seem to be very stringent and onerous, this disposition of this appeal is without prejudice to any application which respondent may make to Mr. Justice Andrews to modify the terms of the original order.

Van Brunt, P. J., concurred.

Order reversed as directed in opinion, with costs and disbursements.

O'Brien, J. (Appeal No. 2):

The facts necessary to present the question urged on this appeal have been referred to in the opinion in *Bowen* v. *Sweeny* herewith handed down. This appeal is from so much of the order of May 2, 1892, as reads as follows: " Save and except as to the General Term disbursements which should, on retaxation, be disallowed by the clerk."

It is insisted, with respect to these disbursements, as it was insisted in regard to the costs, that when the General Term ordered a new trial, with costs to appellant to abide the event of the action, it ordered that the appellant should only become entitled to those costs, and to the disbursements which formed a part of them, when and if the defendant should finally succeed in the action. The error in this reasoning we have endeavored to point out in the former appeal, and it will be seen that we would agree with the respondent if it could be held that the order of the General Term in any way controlled the right of the judge granting the amendment to impose such terms as he thought proper and just. It remains for us only to construe his order, which stands unappealed from and unmodified. The plaintiff was asking a favor of the court which was granted on certain conditions, namely, that the costs and disbursements should be taxed by the clerk. As to what costs and disbursements were intended, we have already pointed out.

We think, therefore, that the appellant is right in the construction given to the order of the learned judge, and that the order appealed from must be reversed, with costs, and the clerk directed to restore to such bill of costs all the items of disbursements disallowed, and to retax the same accordingly.

In view of the fact that the terms imposed by these orders seem to be very stringent and onerous, this disposition of this appeal is without prejudice to any application which respondent may make to Mr. Justice ANDREWS to modify the terms of the original order.

VAN BRUNT, P. J., concurred.

Order reversed, with costs, and the clerk directed to restore to such bill of costs all the items of disbursements disallowed, and to retax the same accordingly.   This disposition of this appeal is without prejudice to any application which respondent may make to Mr. Justice ANDREWS to modify the terms of the original orders.