BOWEN *v.* SWEENEY *et al.*

(*Supreme Court, General Term, First Department.* November 18, 1892.)

Appeal from special term, New York county.

Action by Michael Bowen against Michael Sweeney and others. On motion of plaintiff, a retaxation of costs was ordered, and disallowance of general term disbursements. The defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Francis C. Devlin,* (*William H. Arnoux,* of counsel,) for appellants. *Flamen B. Chandler,* for respondent.

O'BRIEN, J. The facts necessary to present the question urged on this appeal have been referred to in the opinion in *Bowen* v. *Sweeney,* 20 N. Y. Supp. 733 (herewith handed down.) This appeal is from so much of the order of May 2, 1892, as reads as follows: "Save and except as to the general term disbursements, which should, on retaxation, be disallowed by the clerk." It is insisted with respect to those disbursements—as it was insisted in regard to the costs—that when the general term ordered a new trial, with costs to appellant to abide the event of the action, it ordered that the appellant should only become entitled to those costs, and to the disbursements which formed a part of them, when and if the defendant should finally succeed in the action. The error in this reasoning we have endeavored to point out in the former appeal, and it will be seen that we would agree with the respondent if it could be held that the order of the general term in any way controlled the right of the judge granting the amendment to impose such terms as he thought proper and just. It remains for us only to construe his order, which stands unappealed from and unmodified. The plaintiff was asking a favor of the court, which was granted on certain conditions, namely, that the costs and disbursements should be taxed by the clerk. As to what costs and disbursements were intended, we have already pointed out. We think, therefore, that

the appellant is right in the construction given to the order of the learned judge, and that the order appealed from must be reversed, with costs, and the clerk directed to restore to such bill of costs all the items of disbursements disallowed, and to retax the same accordingly. In view of the fact that the terms imposed by these orders seem to be very stringent and onerous, this disposition of this appeal is without prejudice to any application which respondent may make to Mr. Justice ANDREWS to modify the terms of the original order.