HALCYON SKINNER, Respondent, v. SOPHIA H. WHITE, Appellant.

*Costs paid as a condition of amending a pleading, not subsequently taxable.*

While a trial before a referee was pending, the defendant moved for leave to amend the answer by setting up an additional defense; the court granted the amendment on the condition that the defendant should pay the costs up to that time; the defendant accepted the condition, and paid the costs then accrued, including referee's and stenographer's fees; the trial then proceeded, and resulted in a dismissal of the complaint, with costs to the defendant.

*Held*, that the defendant was not entitled to tax the costs paid as a condition of the amendment.

*Havemeyer* v. *Havemeyer* (48 N. Y. Super. Ct. 164), not followed.

APPEAL by the defendant, Harriet S. White, sued as Sophia H. White, from an order of the Supreme Court, made at the Westchester Special Term, and entered in the office of the clerk of Westchester county on the 19th day of November, 1892, retaxing the defendant's costs.

*James M. Hunt,* for the appellant.

*Ralph E. Prime,* for the respondent.

PRATT, J.:

This action proceeded to a trial before a referee. Plaintiff rested, and the defendant put in some testimony. Defendant then moved for leave to amend her answer by setting up a new and additional defense. The court, at Special Term, granted the motion, and made an order whereby the defendant was permitted to amend her answer *nunc pro tunc* upon condition that she pay to plaintiff all the taxable costs of the action. In case the costs were not paid and the defendant failed to accept said condition, the motion was denied with ten dollars costs. Defendant thereupon paid to plaintiff the costs up to that time, *i. e.,* sixty-six dollars and eighty-four cents, taking back a receipt "in full of costs directed to be paid by order allowing amendment to answer of defendant," and also paid the referee's fees, thirty dollars, and the stenographer's charge, twenty-eight dollars and seventy-five cents, which had accrued up to the time of the amendment. The trial then proceeded before the referee, who dismissed plaintiff's complaint and allowed costs to the defendant. The clerk thereupon taxed defendant's costs at the sum of $207.27, which included the costs paid by defendant to plaintiff at the time of the amendment. Plaintiff thereupon moved at Special Term for a retaxation, and an order was made directing the clerk to retax said costs and reduce the same by striking out the different items which were included in the costs paid by defendant at the time of the amendment. From that order the defendant appeals. We see no error in the disposition of the matter made by the court below. The defendant applied to the court for leave to amend her answer by setting up an additional defense, and the court, in its discretion, granted the favor sought, but on condition that the defendant pay the costs up to that time. Had the court intended,

by its order, that the defendant should pay a sum equal to the costs, it would have used apt words to express such intention. So, too, if the defendant had considered the conditions too severe, she had her remedy, but she accepted the favor and with it the condition, and paid the costs, taking back a receipt " in full of costs directed to be paid." We look on that order as an adjudication that the costs to the time of the amendment belong to plaintiff. They were paid and could not again be taxed by either party. The cases cited by the respondent in his brief, we think, fully sustain this principle. Of those cited by the appellant, *Bowen* v. *Sweeny* does not seem to us in point. In that case the plaintiff was allowed to amend his complaint, after having recovered a judgment at Special Term, which ' was reversed at General Term, with costs to the defendant to abide the event. The order of amendment was on condition that the plaintiff pay to each of the defendants a full bill of costs to be taxed by the clerk. The clerk disallowed the General Term costs. The court at Special Term denied the motion for a retaxation and the General Term on appeal reversed the order, holding that the costs at General Term were included in the order of amendment, and should have been taxed. This, as we understand the case, was the only question before the court on that appeal. *Havemeyer* v. *Havemeyer* (48 N. Y. Super. Ct. 104) undoubtedly sustains the view taken by the appellant, but we are not inclined to follow it in face of the decisions of our own and other departments of this court.

The order appealed from should be affirmed.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.