"The statute and ordinance were police regulations, and the records were required for local and specific purposes, and are not public records in such sense as makes them evidence between private parties of the facts recorded. We have found no case which would justify their admission, in a controversy between private parties, as evidence of the cause of death recently happening, where that became a material inquiry."

Even if this certificate was admissible as presumptive evidence of the recitals therein, it would only extend to those required by section 608, subd. 3, of the act, to be stated, viz. the name and death of the patient, and the name of the disease causing his death. This section does not require the physician to certify that he had been diseased for four years prior thereto, or that he was married. Suppose defendant had set up as a defense that plaintiff was not the wife of deceased, it could have urged with equal force the admission of the certificate as presumptive evidence thereof if the physician had certified that deceased was unmarried. For the foregoing reasons we think the judgment and order should be affirmed, with costs.

---

(6 Misc. Rep. 6.)

### BYRNE v. BROOKLYN CITY & N. R. CO.

(City Court of Brooklyn, General Term. November 27, 1893.)

ADJOURNMENT OF TRIAL—COSTS.

Where defendant, under an order granting him leave to withdraw a juror on his paying plaintiff "all the costs and disbursements in the action to date." pays such costs, and plaintiff obtains judgment when the case comes on for trial again, she cannot recover the amount of the costs already paid in addition to the costs of trial; there being no intimation in the order that the costs were in the nature of a penalty, or other than "costs and disbursements," as provided by the Code of Civil Procedure.

Appeal from special term.

Action by Margaret Byrne, administratrix, against the Brooklyn City & Newtown Railroad Company. There was judgment for plaintiff, and her costs were taxed at a certain sum. Defendant moved for retaxation of costs, and from an order striking out certain items plaintiff appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

J. Stewart Ross, for appellant.

Morris & Whitehouse, for respondent.

OSBORNE, J. This case first came on for trial on February 9, 1893, and, a jury having been impaneled, and the case opened on behalf of the plaintiff, defendant asked leave to withdraw a juror, on the ground of surprise. After argument, the application was granted, on the condition and stipulation that the defendant "pay to plaintiff or her attorney all the costs and disbursements in the action to date," to be taxed by the clerk. Said costs and disbursements were duly taxed, and were paid by defendant. In the costs were included the following items: Before notice of trial, $25; after notice, $15; trial fee, $30; term fees, $50. Subsequently the case came on for trial again, and plaintiff obtained a verdict

in her favor, and her costs and disbursements were taxed by the clerk at $270.79, and there were included therein the above-mentioned items, amounting in all to $120. On a motion for retaxation, an order was made at special term striking out said disputed items, on the ground that they had already been paid, and plaintiff now appeals from that order. The learned counsel for the plaintiff here contends that the costs paid as a condition for the adjournment were in the nature of a penalty, and as a compensation to the plaintiff for the loss, annoyance, and delay incurred by her, and that, on a recovery by plaintiff after a trial, she had a right to recover a full bill of costs; that to now deduct the disputed items would result in depriving the plaintiff of the compensation intended as an offset to the favor granted her adversary. We do not think that the contention of the appellant can be maintained. The order granting leave to withdraw a juror was conditioned on "the payment of all the costs and disbursements in the action to date." Nowhere in the order is there any intimation that the amount to be paid was in the nature of a penalty, or other than "costs and disbursements," as provided by the Code of Civil Procedure. Plaintiff benefited by the order granting leave to withdraw a juror, in that she was paid at once, and in advance of a trial, all the costs that had then accrued; while, if left to abide the event, their payment would have been contingent on her ultimate success, and she might never have become entitled to them. The effect of the order was to compensate plaintiff for all that had gone before, as if she had succeeded on the case as it then stood. Thereafter a fresh start, as it were, was made, and defendant became liable for only such costs ultimately accruing as might be taxed by the plaintiff in the event of her succeeding in the action. The weight of authority is decidedly in favor of our construction of the order granting leave to withdraw a juror. Andrews v. Cross, 17 Abb. N. C. 92; Schmidt v. Mackie, 9 Wkly. Dig. 288; Seymour v. Ashenden, 13 Civil Proc. R. 255; Skinner v. White, 69 Hun, 127, 23 N. Y. Supp. 384,—are all cases supporting our view. The cases relied on by the learned counsel for the appellant are, with one exception, not in point. In Lennon v. McIntosh, 19 Abb. N. C. 175, defendant's default was opened "on payment of $20 costs," and, on plaintiff obtaining a verdict, he was allowed to tax a full bill of costs, on the ground that the $20 were allowed by way of penalty. In Dovale v. Ackerman, (Sup.) 11 N. Y. Supp. 5; in Donovan v. Board, 1 Civil Proc. R. 311; and in Havemeyer v. Havemeyer, 48 N. Y. Super. Ct. 104,—the party who had paid costs, as a condition for favor granted, ultimately succeeded, and was allowed a full bill of costs; while, in the case at bar, the party who has received the costs is seeking to recover them a second time. The case of Cohu v. Husson, 13 Daly, 334, is in support of the contention of the learned counsel for the appellant, but it stands alone, and we cannot concur with the reasoning by which the decision in that case was reached. The order appealed from should be affirmed, with costs.