### DIEHL v. DREYER.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. PARTNERSHIP—ACTION FOR ACCOUNTING—REFERENCE TO TAKE ACCOUNTS.

    It is improper to grant the motion of a liquidating partner for the appointment of a referee to take and state the accounts between the parties over the objection of the other partner that no accounting is necessary, but the latter should be first given an opportunity to accept the statement of the accounts as presented by the liquidating partner, and thereby avoid the expense of a reference.

Appeal from Special Term, New York County.

Action by John C. Diehl against Peter R. Dreyer. From an order appointing a referee to take and state the accounts between the parties, defendant appeals. Reversed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Herbert A. Heyn, for appellant.

E. Ormonds Power, for respondent.

INGRAHAM, J.   The action is brought for an accounting between partners, and to have the property of the firm sold, the copartnership debts and liabilities paid, and the surplus, if any, divided between the plaintiff and the defendant according to their respective interests.   The answer admits the copartnership and its dissolution, and, as a separate defense, sets up three counterclaims, and demands that the complaint be dismissed, and the defendant recover judgment upon the counterclaims against the plaintiff.   The case being at issue, the plaintiff, on an affidavit of his attorney that the trial of the action would involve the examination of a long account, applied to the Special Term for the appointment of a referee to take and state the accounts between the parties, and to report what on the balance of such accounts would appear to be due from either party to the other, which application was granted.   The order of reference makes no provision for the disposition of the counterclaims interposed by the defendant.   The defendant opposed the motion upon the claim that no accounting is necessary.

In an action in equity for an accounting, where the right to the accounting is denied, it has been the practice to bring the case on for trial at Special Term, to determine there the right to an accounting, and dispose of the other issues in the case; and then, if an accounting is necessary, it can be directed by an interlocutory judgment. In such an action the accounting is incidental, to be ordered when the rights of the parties are established by the interlocutory judgment.   The plaintiff, under the agreement of dissolution, was the liquidating partner; and the defendant should have the opportunity to accept the statement of the accounts as presented by the plaintiff, so as to avoid the expense and delay of an accounting before a referee.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs; these costs to abide the award of costs by the final judgment.   All concur.