## DIEHL v. DREYER.

(Supreme Court, Appellate Division, First Department. April 20, 1905.)

APPEAL—COSTS.

Where on appeal the cause was reversed, with costs to abide the award of costs by the final judgment, and after the commencement of the trial the plaintiff was permitted to amend his complaint so that it materially changed the issues, it was proper to grant the amendment on condition that plaintiff pay not only the costs of the motion, but the costs on the previous appeal.

Appeal from Special Term, New York County.

Action by John C. Diehl against Peter B. Dreyer. From an order in favor of defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Herbert A. Heym, for appellant.
E. Ormond Power, for respondent.

LAUGHLIN, J. Upon a former appeal an order referring the issues herein was reversed by this court, with $10 costs and disbursements, and $10 costs of the motion, with this proviso: "The said costs to abide the award of costs by the final judgment." 82 N. Y. Supp. 770. The issues were then brought to trial before the Special Term. A motion made upon the trial by the plaintiff to amend the complaint was denied, but leave was granted to apply to the appropriate part of the Special Term for such relief. The application was made pursuant thereto, and an amendment was asked materially changing the issues. The motion was granted upon condition that the plaintiff pay $10 costs of the motion "and all taxable costs to date." The defendant included in the bill of costs which he sought to have taxed under the order the costs allowed upon the appeal, and the same were allowed and taxed by the clerk. The order directing the retaxation commands the clerk, on retaxing the costs, to disallow these items.

We are of opinion that the costs were properly taxed. Bowen v. Sweeney, 66 Hun, 42, 20 N. Y. Supp. 733, 734. When this court on the former appeal allowed the costs to the defendant to abide the event, it was not contemplated that the issues would be changed. The Special Term, in imposing conditions on allowing an amendment of the pleading which materially changed the issues, was at liberty, notwithstanding the order of this court, to require that the party desiring the favor of the court should pay all the taxable

costs, including the costs of the appeal. This was not only authorized, but it was proper, since the issues were thereby changed, and the defendant was deprived of an opportunity or chance of recovering on the issues as they stood when this court so awarded costs. It was manifestly the intention of the learned justice presiding at the Special Term, as shown by the order, to require, as a condition of allowing the amendment, present payment by the plaintiff of all taxable costs of the action to date, precisely as if the defendant had succeeded on the issues, and was then taxing the costs of the action.

The order should therefore be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.