JOHN C. DIEHL, Respondent, *v.* PETER R. DREYER, Appellant.

*Costs " to abide the award of costs by the final judgment"— they are properly taxable where a subsequent motion is granted on payment of " all taxable costs to date."*

Where the Appellate Division reverses an order of reference, with ten dollars costs and disbursements and ten dollars costs of the motion, with the following proviso, "the said costs to abide the award of costs by the final judgment," if the Special Term subsequently, as a condition of allowing the plaintiff to amend his complaint, requires the latter to pay ten dollars costs, "and all taxable costs to date," the defendant is entitled to tax the costs allowed upon the appeal from the order of reference.

APPEAL by the defendant, Peter R. Dreyer, from so much of an order of the Supreme Court, made at the New York Special Term

and entered in the office of the clerk of the county of New York on the 17th day of February, 1905, as directs the clerk to retax the costs awarded to the defendant so as to disallow certain items therein.

*Herbert A. Heyn*, for the appellant.

*E. Ormonde Power*, for the respondent.

LAUGHLIN, J.:

Upon a former appeal (84 App. Div. 247) an order referring the issues herein was reversed by this court, with ten dollars costs and disbursements and ten dollars costs of the motion, with this proviso, "the said costs to abide the award of costs by the final judgment." The issues were then brought to trial before the Special Term. A motion made upon the trial by the plaintiff to amend the complaint was denied, but leave was granted to apply to the appropriate part of the Special Term for such relief. The application was made pursuant thereto and an amendment was asked materially changing the issues. The motion was granted upon condition that the plaintiff pay ten dollars costs of the motion "and all taxable costs to date." The defendant included in the bill of costs, which he sought to have taxed under the order, the costs allowed upon the appeal; and the same were allowed and taxed by the clerk. The order directing the retaxation commands the clerk on retaxing the costs to disallow these items.

We are of opinion that the costs were properly taxed. (*Bowen* v. *Sweeny*, 66 Hun, 42.) When this court on the former appeal allowed the costs to the defendant to abide the event it was not contemplated that the issues would be changed. The Special Term in imposing conditions on allowing an amendment of the pleading, which materially changed the issues, was at liberty, notwithstanding the order of this court, to require that the party desiring the favor of the court should pay all the taxable costs including the costs of the appeal. This was not only authorized but it was proper since the issues were thereby changed and the defendant was deprived of an opportunity or chance of recovering on the issues as they stood when this court so awarded costs. It was manifestly the intention of the learned justice presiding at the Special Term, as shown by

the order, to require, as a condition of allowing the amendment, present payment by the plaintiff of all taxable costs of the action to date, precisely as if the defendant had succeeded on the issues and was then taxing the costs of the action.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.