ARTHUR DAVIS et al., Respondents, v. COLONIAL SAND & STONE CO. OF N. J., INC., et al., Appellants.—

Concur — Stevens, J. P., Eager and Steuer, JJ.; Capozzoli and McGivern, JJ., who dissent in the following memorandum by McGivern, J.: I dissent and would reverse. In my view there was no deliberate and willful default by appellants of the conditions imposed by this court on its prior appeal. When this court on the prior appeal granted appellants leave to renew their motion to open their default on condition they pay a full bill of costs to date plus $250, such payment to be made within ten days after service of a copy of this court's order, appellants did not unreasonably assume this court intended respondents to move with alacrity and promptly have such costs taxed and served upon appellants. It seems unreasonable to expect appellants to know what respondents' costs were, particularly if such costs impliedly included disbursements. (See 23 Carmody-Wait, New York Practice, Costs, § 257, p. 297; Empire Apts. v. Nussbaum, 48 N. Y. S. 2d 136; also Diehl v. Dreyer, 103 App. Div. 590.) It is not without significance that in both the National Sur. Co. case and Hadjopoulos case, cited by the majority, where leave to serve an amended pleading was granted upon terms, the bill of costs was taxed by the clerk of the court. It is also significant that after the parties failed to agree as to what was a proper bill of costs the

respondents' attorneys did in fact, some 14 days after service of the Appellate Division order, submit a bill for taxation which was adjusted by the clerk to a lower amount. It was promptly paid by the appellants. This, after the earlier payment of the additional sum by appellants of $250 within 10 days after service of the order of this court, at which time they requested that they be supplied with a proper bill of costs. Respondents' attorneys rejected this payment and returned the draft. In my view appellants endeavored to comply with the previous order of this court but were frustrated from doing so. Whatever may have been appellants' conduct which led to the entry of the previous order, the record on this appeal does not, in my opinion, justify the order of the court below which precludes a trial on the merits or determination of the need for one and directs an assessment of damages.